UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

O'Neal Taylor Session,  CASE NO. 18-4762-JCO
    Debtor.  Chapter 13

_____

O'Neal Taylor Session,
    Plaintiff,

v.  ADV. PROC. NO. 18-65-JCO

American Honda Finance Corporation,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND SETTING HEARING ON DAMAGES

This matter is before the Court on *pro se* Debtor's Motion for Partial Summary Judgment (hereinafter, "the Motion"). (Doc. 17). On April 1, 2019, Defendant Creditor American Honda Finance (hereinafter "Honda") filed a response to the pending Motion for Partial Summary Judgment. (Doc. 55). On February 21, 2019, this Court ordered the parties to mediate this case with retired Bankruptcy Judge Jack Caddell. The parties attended the mediation on March 15, 2019 wherein they engaged in meaningful negotiations; however, the parties were unable to reach a settlement on the issues raised in the adversary proceeding. On March 27, 2019, Debtor's main chapter 13 case was set for a post-mediation status hearing in order for the parties to discuss the posture of the main case and the adversary proceeding going forward. Appearing on behalf of Honda was attorney Brooke Sanchez, and Debtor appeared *pro se*. The Chapter 13 Trustee, Danny O'Brien, and counsel for the Trustee, Jeff Hartley were also present. At the

1

status hearing, the parties agreed that there is no dispute as to any material fact raised in the Motion, and that the Motion is ripe for determination by the undersigned.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E), and the Court has authority to enter a final order.

## FACTS[1] AND PROCEEDINGS

Debtor filed her chapter 13 petition for relief on November 23, 2018. According to Debtor's Schedule A/B: Property, at the time of filing, she owned no real property, but owned a 2015 Honda Civic (hereinafter "the Civic") with approximately 9,500 miles on it which she valued at $7,675.00. Honda was listed as a creditor on Schedule D as a creditor who has a claim secured by property. (Doc. 9-1 at 13). The Civic is the only asset belonging to Debtor listed in her Schedules. (*See* Doc. 9). Approximately twelve days after the Debtor filed her petition for relief, Honda repossessed her vehicle and later disposed of the vehicle, all in violation of the automatic stay. On December 12, 2018, Debtor filed a Motion for Turnover, Sanctions, Finding of Contempt, Damages, and Attorney Fees For Violation of the Automatic Stay, which this Court treats as a complaint (hereinafter "Complaint") initiating the instant adversary proceeding. On February 7, 2019, Debtor filed the instant Motion for Partial Summary Judgment (Doc. 17). On February 7, 2019, Honda filed a secured proof of claim in the amount of $6,700.00, and on

---

[1] The facts set out in this Order are gleaned from the parties' submissions, their respective responses to those submissions, and the Court's own examination of the evidentiary record. *Davis v. Bank of Am., N.A.*, 2014 WL 5090692, at *1 (N.D. Ala. Oct. 9, 2014). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *Id. (citing Cox v. Adm'r U.S. Steel & Carnegie Pension Fund,* 17 F.3d 1386, 1400 (11th Cir.1994)).

February 11, 2019, it filed an Answer to the Complaint. (Doc. 18). On April 1, 2019, Honda filed its Response to the Motion alleging that a Janice Stevenson, who is listed in the signature block of many of Debtor's filings, is engaging in the unauthorized practice of law under the Alabama Code, section 34-3-6(b)(1), which prohibits the unauthorized practice of law in Alabama. Honda requests that such practice cease going forward, and requests the Court consider actual damages only as opposed to the ten other requests for damages in the Debtor's prayer for relief.

## CONCLUSIONS OF LAW

### Standard of Review

Motions for summary judgment are governed by FED. R. CIV. P. 56(a), as incorporated by FED. R. BANKR. P. 7056. Rule 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A material fact is one "that might affect the outcome of the suit under governing law. . . ." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Conclusory allegations by either party, without specific supporting facts, have no probative value. *Evers v. Gen. Motors Corp.,* 770 F.2d 984, 986 (11th Cir. 1985). The party seeking summary judgment is responsible for submitting evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

3

The court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986

## 11 U.S.C. § 541: Property of the Estate

Section 541(a)(1) of the Bankruptcy Code provides that upon commencement of a bankruptcy case, an estate is created which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" "wherever located and by whomever held." There is no dispute that the Civic belonging to the Debtor at the time she filed her petition is property of her chapter 13 bankruptcy estate. Based on her schedules, the Civic is the only property in Debtor's bankruptcy estate.

## 11 U.S.C. § 362: Violation of the Automatic Stay

Section 362(a) of the Bankruptcy Code operates as a stay against the commencement or continuation of a proceeding against a debtor that could have been commenced before the debtor filed bankruptcy. 11 U.S.C. § 362(a). Subsection (k) provides for actual and punitive damages, including costs and attorneys' fees, for any willful violation of the § 362(a) stay. "Claims under § 362(k) consist of three basic elements: the violation of the stay, the defendants' willfulness, and the plaintiff's injury." *In re Thomas,* 554 B.R. 512, 519 (Bankr. M.D. Ala. 2016). "Violations of the automatic stay are willful if the violator (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless of whether the violator specifically intended to violate the stay." *Id.* Thus, "[e]vidence of intent to violate the stay is not required." *Credit Nation Lending Servs., LLC v. Nettles,* 489 B.R. 239, 247 (Bankr. N.D. Ala. 2013). "Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay." *Wagner v. Ivory,* 74

4

Case 18-04762    Doc 77    Filed 04/08/19    Entered 04/08/19 16:22:43    Desc Main
Document      Page 4 of 10

B.R. 898, 904 (Bankr. E.D. Pa. 1987). Subjective beliefs or intent of the defendant are irrelevant. *Jove Eng'g, Inc. v. I.R.S.,* 92 F.3d 1539, 1555 (11th Cir. 1996).

As a fundamental protection of the Bankruptcy Code, the stay provides debtors with temporary breathing space from the circumstances that brought them to file bankruptcy to begin with. As such, the stay protects debtors "not from communication with creditors, but from the threat of immediate action by creditors," such as a foreclosure, a lawsuit, or a repossession. *Brown v. Penn. State Employees Credit Union,* 851 F.2d 81, 86 (3d Cir. 1988).

Applying the law to the undisputed facts of this case, the Court finds that Honda violated the automatic stay when it repossessed and disposed of property of Debtor's estate without first getting relief from stay to do so. Honda was listed as a secured creditor in the schedules and was properly served with notice of the bankruptcy. Accordingly, Honda was imputed with the knowledge that the stay was in effect when it repossessed and disposed of the vehicle. It is undisputed that Debtor has since been without transportation, and thus, has been harmed by Honda's stay violation.

Therefore, based on the foregoing analysis, this Court finds that Honda violated the automatic stay when it repossessed and disposed of the Civic after the Debtor filed for bankruptcy.

Claims Alleged Under the Civil Rights Act of 1866

Paragraph 22 of the Motion alleges that Honda and the Chapter 13 Trustee restrict Debtor's right "to own property, [to] enter into contracts, to engage in certain occupations, [and] to testify in court, etc [sic] in violation of the [Civil Rights Act] of 1866, [and] the enforcement clause of the Thirteenth Amendment to the United States Constitution." (Doc. 17 at 3).

5

Case 18-04762    Doc 77    Filed 04/08/19    Entered 04/08/19 16:22:43    Desc Main
Document    Page 5 of 10

The Civil Rights Act of 1866 has since been codified by 42 U.S.C. § 1981, and the Court will analyze these allegations under § 1981 and not under the 1866 Act. Section 1981 provides that all persons within the jurisdiction of the United States shall have equal rights under the law as is enjoyed by white citizens, which rights are protected against impairment by nongovernmental discrimination and impairment under color of State law. The Thirteenth Amendment prohibits the practice of slavery or involuntary servitude. *See* U.S. Const. amend. XIII.

Having considered the undisputed facts in the light most favorable to the nonmovant as required by *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) and its progeny, the Court finds that neither Honda nor the Chapter 13 Trustee has violated Debtor's civil rights pursuant to section 1981 of the United States Code, nor has she been subjected to slavery or involuntary servitude as prohibited under the Thirteenth Amendment to the United States Constitution and the legislation enacted to enforce it. There has been no allegation that Honda was racially motivated in its conduct, and there has been no allegation that Debtor has been forced into slavery or servitude to Honda or the Chapter 13 Trustee because of Honda's conduct. The Debtor is not being held in her Chapter 13 against her will. In fact, Debtor may request to dismiss her chapter 13 case at any time, which request this Court will grant after proper notice and a hearing of the request. *See* 11 U.S.C. 1307(b). For these reasons, the Court finds that Debtor's claims for relief under § 1981 are due to be and hereby are DENIED.

<u>Alabama Code section 34-3-6(b)(1): Unauthorized Practice of Law</u>

As set out above, Honda raises in its Response the issue of the unauthorized practice of law by Janice Stevenson. The Court is unaware of who Janice Stevenson is and what her

6

relationship to the Debtor is. Debtor is not a minor or incapacitated person and appears capable of representing herself, if she so chooses. Debtor may also choose to hire a lawyer to represent her in these matters, though she has not done so.

Section 34-3-6(a) of the Alabama Code states that "only such persons as are regularly licensed have authority to practice law" in Alabama. Ala. Code. § 34-3-6(a). Subsection (b)(1) defines the practice of law as

> Whoever,
> (1) In a representative capacity appears as an advocate or draws papers, pleadings, or documents, or performs any act in connection with proceedings pending or prospective before a court or a body, board, committee, commission, or officer constituted by law or having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the state or any subdivision thereof; . . .
> is practicing law.

Ala. Code § 34-3-6. The unauthorized practice of law is a misdemeanor in Alabama, *see* Ala. Code § 34-3-7, and the law in the Eleventh Circuit is clear that "parents do not have the right to represent their children in federal court." *Salter v. Astrue,* 2008 WL 2262036, at *1 (S.D. Ala. May 29, 2008) (*citing Devine v. Indian River Cnty Sch. Bd.,* 121 F.3d 576 (11th Cir.1997)). The purpose of this provision of the Alabama Code is to ensure that laymen do not serve others in a representative capacity in areas that require the skill and judgment of a licensed attorney. *Andrews v. Hotel Reed Nursing Home,* 167 F.Supp.2d 1333, n. 2 (S.D. Ala. April 11, 2001).

In the event that Janice Stevenson is engaging in the unauthorized practice of law, she is hereby cautioned that continuing to do so may subject her criminal prosecution under Alabama law. If such conduct is indeed occurring, Janice Stevenson is hereby ORDERED to cease her unlawful conduct from this point forward.

7

### Debtor's Motion to Strike and
### Motion for Leave to Amend the Complaint

On April 3, 2019, Debtor filed a Motion to Strike Honda's Response to the Motion for Partial Summary Judgment. (Doc.58). The Court has considered Debtor's request to have the response stricken, and finds that such request is due to be and hereby is DENIED. Rule 7012(f) of the Bankruptcy Rules of Procedure allows a pleading to be stricken by the court or on motion by a party where the pleading is an insufficient defense, or is redundant, immaterial, impertinent, or scandalous. Fed. R. Bankr. P. 7012(f). This Court has considered the Response and does not find it to fit within any of the grounds on which a pleading may be stricken.

As for the Motion for Leave to Amend the Complaint, (Docs. 59, 60, 61), Debtor requests leave to amend her Complaint based on facts she alleges occurred after the initial stay violation. Debtor alleges that Honda "has taken advantage of Debtor's *pro se* standing by using mediation to negate egregious conduct and violations of the US [sic] Bankruptcy Code and the Thirteenth Amendment of the United States Constitution." (Doc. 60 at 2). The amendment Debtor seeks to make to her Complaint is to add claims for negligent infliction of emotional distress, and intentional infliction of emotional distress based on the tort of outrage. Debtor contends that Honda is holding property of the estate "hostage to compel mediation to reduce its mandatory damages" under the Code. (Doc. 61 at 2).

It is worth noting that the Court ordered mediation in this matter, not Honda, though Honda did request that the case be ordered to mediation. Regardless of the permissive standard of amendment under Rule 7015, the Court finds that the claim for negligent infliction of emotional distress is baseless since, under Alabama law, there is no independent cause of action for negligent infliction of emotional distress. *Woodley v. City of Jemison,* 770 So.2d 1093 (Ala.

Civ. App 1999). Furthermore, regarding the alleged claim of intentional infliction of emotional distress due to outrage, the Court finds that the undisputed facts of this case do not rise to the level of a tort of outrage. "The conduct giving rise to a claim for the tort of outrage is intentional or reckless conduct that is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society, and the resulting emotional distress must be so severe that no reasonable person could be expected to endure it." *Martin v. Comfort Touch Transport, Inc.,* __So.2d __, 2018 WL 4174663 (Ala. Civ. App. Aug. 31, 2018). Torts of outrage are largely reserved for conduct that is extreme and rare, typically involving the desecration of dead bodies. Thankfully, there are no such facts involved in this case, and this Court does not find Honda's conduct to otherwise rise to the level of outrageous conduct.

For the reasons set forth above, the Court finds the Motion is due to be and hereby is DENIED. Under Rule 7015 of the Bankruptcy Rules, a court *may* permit a party to amend its pleading if justice so requires. The Court has considered the Motion for Leave and finds that because of the preceding reasons and, more importantly, that the undersigned is awarding judgment on the merits in Debtor's favor on the Partial Motion for Summary Judgment, justice does not demand amendment at this juncture in the proceeding.

## CONCLUSION

Therefore, based on the foregoing, this matter shall proceed to an evidentiary hearing on damages as they are alleged in the Motion for Partial Summary Judgment. The date of the evidentiary hearing on the nature and amount of damages will be set at the next status conference for this adversary proceeding, which is April 16, 2019, at 10:30 a.m. The Debtor and counsel for

Honda are hereby ORDERED to appear in person before the undersigned to select a date for the evidentiary hearing.

Dated: April 8, 2019

_____
JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE